UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――――――――
EDWARD BANKS,
                        Plaintiff,

                -v-                             19-CV-5727 (JPO)

MCGLYNN, HAYS & CO., INC. et al.,          ORDER
                        Defendants.
―――――――――――――――――――――――――――――――

J. PAUL OETKEN, District Judge:

      Plaintiff Edward Banks filed this employment discrimination suit on June 19, 2019. (Dkt. No. 1.) All Defendants were served between August 16, 2019, and August 23, 2019. (*See* Dkt. Nos. 20, 21, 22, 23, 24 25.) No Defendant made an appearance, however, and no response to the complaint was filed in the allotted time. The Clerk of Court entered default. (*See* Dkt. Nos. 51, 52, 53, 54, 55, 56.) Plaintiff subsequently moved for default judgment. (*See* Dkt. No. 57.) At this point, counsel for Defendants contacted the Court, filed an answer to the complaint, and requested that the default be excused. (*See* Dkt. Nos. 61, 64, 65.) After a conference with counsel for the parties, the Court excused the default and set a discovery schedule. (Dkt. No. 70.)

      Plaintiff now seeks an interim award for attorney's fees incurred because of Defendants' default. Plaintiff seeks $15,173 in fees incurred because of the default itself, and an additional $8,558 in fees incurred in order to prepare the application for attorney's fees. (Dkt. No. 73 at 1.) Defendants oppose the application. (Dkt. No. 74.)

      The calculation of a reasonable fee award begins with the "lodestar" amount, which is determined by multiplying the reasonable number of hours expended by a reasonable hourly rate. *See Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009). Plaintiff's counsel,

Laurie Elene Morrison, claims an hourly rate of $525. (Dkt. No. 73 at 3.) The Court adjudges this rate to be unreasonable for the principal of a small firm in this district. *Accord Martinez v. N.Y.C. Health & Hosps. Corp.*, No. 15-CV-515, 2017 WL 6729296, at *5 (S.D.N.Y. Dec. 28, 2017) ("[Plaintiff] requests an hourly rate of $425 for Morrison. . . . We have considered Morrison's submissions and find that . . . an hourly rate of $350 is appropriate."). The claimed hourly rate is also inappropriate because Morrison claims fees for a quotidian task: preparing a motion for default judgment. *See, e.g.*, *Guo v. Tommy's Sushi, Inc.*, No. 14-CV-3964, 2016 WL 452319, at *6 (S.D.N.Y. Feb. 5, 2016) (reducing award of attorney's fees because partner's timesheets "reflect[ed] not only partner-level work, but also associate- and even paralegal-level work"). Thus, in accord with other courts in this district, the Court concludes that an hourly rate of $350 is reasonable for Morrison.

As for the number of hours worked, Morrison claims 28.9 hours spent on the motion for default judgment and an additional 16.3 hours spent on the application for attorney's fees. The former figure is unreasonable. "The time and labor required for seeking a judgment by default . . . as well as the level of skill required to perform the legal tasks in connection with it, are . . . *de minimis*." *Days Inn Worldwide, Inc. v. Amar Hotels, Inc.,* No. 05-CV-10100, 2008 WL 2485407, at *9 (S.D.N.Y. June 18, 2008). Morrison presents no reason to think that the motion for default judgment in this case posed any exceptional challenges. Accordingly, the Court determines that the 28.9 hours spent on the motion was unreasonable. *Cf. Flores v. Martinez*, No. , 2017 WL 1497954, at *2 (E.D.N.Y. Apr. 26, 2017) ("27.5 hours appears to be an unreasonable expenditure of time for a default judgment resolution on a wage complaint, . . . representing more than double what courts in this district have previously found reasonable.").

A 50% reduction in the hours expended on the motion for default judgment is therefore warranted. *See id.*

The latter figure is also unreasonable. As a general matter, "applications for fees on fees must be carefully scrutinized." *N.Y. Times Co. v. Central Intelligence Agency*, 251 F. Supp. 3d 710, 715 (S.D.N.Y. 2017). Here, Morrison spent 16.3 hours of a total 45.2 hours solely on the fee application — an astonishing 36%. That is "unreasonably excessive." *Baird v. Boies, Schiller & Flexner LLP*, 219 F. Supp. 2d 510, 525 (S.D.N.Y. Aug. 28, 2002) (Chin, J.) (holding that "bill[ing] nearly *one-third of the total* number of hours expended on the case for time spent preparing and defending [a] fee application" was "unreasonably excessive"). Rather, "courts within the Second Circuit have awarded fee application awards in the range of eight to twenty-four percent of the total time claimed." *Id.* And, again, this particular application for fees did not involve particularly complex facts or difficult legal arguments. *See Jennette v. City of New York*, 800 F. Supp. 1165, 1171 (S.D.N.Y. 1992) (reducing application for fees on fees because the fee application "w[as] not particularly difficult to draft"). Accordingly, the Court concludes that a fees-on-fees award of no more than 24% of the total time allowed — *i.e.*, 4.5 hours of a total 18.95 hours — is warranted.

In sum, Plaintiff's application for a total fee award of $23,730 is denied. *Cf. Days Inn Worldwide*, 2008 WL 2485407, at *10 ("No reasonable paying client would be willing to pay $20,057.54 in attorney fees for a simple case, such as this, involving a settled area of law and no complex issues, in which the defendant failed to plead or otherwise defend."). The lodestone amount is $6,632.50.[1] Thus, Plaintiff is awarded an attorney's fee of $6,632.50.

---

[1] This amount was arrived at by multiplying the sum of 14.45 hours and 4.5 hours by an hourly rate of $350.

The Clerk of Court is directed to close the motions at Docket Numbers 57,[2] 73, and 74.

SO ORDERED.

Dated: May 8, 2020
       New York, New York

                                                  J. PAUL OETKEN
                                             United States District Judge

---

[2] Docket Number 57 is Plaintiff's now-moot motion for default judgment.