```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/15/2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
EDWARD BANKS,

                       Plaintiff,

          - against -

MCGLYNN, HAYS & CO., INC., et al.,

                       Defendants.
-------------------------------------------------------------X

19-CV-5727 (JPO) (RWL)

**ORDER**

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

      This Order resolves the issues raised by Plaintiff counsel's letter motion at Dkt. 130. The letter motion does not comply with this Court's rules as to either page limits or the requisite representations regarding compliance with meet and confer obligations. In the interest of expediency and efficiency, the Court nevertheless will resolve the issues. Counsel is on notice, however, that failure to comply with the Court's rules may result in denial of relief for that reason alone.

      The rulings below correspond to the numbered items on page 5 of the letter motion:

      1.    Prior to Defendant Carlucci's deposition, Defendants shall produce copies of the second round of text messages of same or similar quality to those shown as Exhibit B to the letter motion.

      2.    The Court has previously ordered Defendants to produce all outstanding documents in their possession, custody, or control and that ordered obligation remains to the extent it has not been complied with. There is nothing new to order.

      3.    By **December 19, 2020**, each individual Defendant shall provide a sworn declaration that they have conducted a reasonable search for all documents and

information responsive to Plaintiff's discovery requests within their possession, custody, or control and have produced all responsive, non-privileged documents found in that search. To the extent a deposition of a Defendant takes place prior to provision of their sworn declaration, Plaintiff counsel can readily obtain the same information on the record at the deposition. Defense counsel need not provide a revised affirmation.

    4.    Denied.

    5.    Denied.

    6.    By **December 19, 2020**, Defendants must identify to Plaintiff any responsive documents that they know both did exist but no longer exists and why they no longer exist. To be clear, this applies only to documents known to have existed and also known to no longer exist. Defendants are not responsible for actually knowing whether documents existed but no longer do. Defendants may identify such documents by groupings if necessary for efficiency. To the extent a deposition of a Defendant takes place prior to identification of such documents (if any), Plaintiff counsel can simply ask the deponent on record at the deposition for their knowledge of any such information.

    7.    Denied

    8.    Denied in part. Plaintiff is entitled to 7 hours of on-the-record deposition time. Questioning of Mr. Crincoli should be spread roughly equally over two days.

    SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: November 15, 2020
      New York, New York

Copies transmitted this date to all counsel of record.

2