```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
EDWARD BANKS,                                                :
                                                             :       19-CV-5727 (JPO) (RWL)
                                          Plaintiff,         :
                                                             :       **ORDER**
                   - against -                               :
                                                             :
MCGLYNN, HAYS & CO., INC., et al.,                           :
                                                             :
                                          Defendants.        :
-------------------------------------------------------------X
```

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

This Order addresses the issues raised in the parties' letters at Dkts. 162 and 163 (and subsequent correspondence).

1. The Cancel deposition should be scheduled for a day that is different than the day designated for taking the deposition of Mr. Sullivan. The Court does not agree with Plaintiff's proffered justification for scheduling the two depositions on the same day at the same time.

2. A full day of 7-hour deposition questioning does not include time expended for breaks.

3. Regardless of when defense counsel learned of particular notes or other responsive documents, it is inexcusable for responsive documents not previously produced to keep emerging. The Court has reminded defense counsel on multiple occasions of their obligation to properly and fully inquire of their clients and to ensure that a comprehensive, reasonable search of responsive documents be made. If there are any additional such instances, Defendants and defense counsel will be subject to sanctions, monetary and otherwise.

1

4. At the same time, plaintiff counsel must refrain from insisting that certain materials exist when it has been established that they do not. Plaintiff counsel of course may inquire at deposition about documents that may or may not exist. Should further responsive documents emerge that were not previously produced, provision 3 above shall come into play.

5. Any further letter to the Court requesting relief must set forth at the outset of the letter: (a) the day(s) and time(s) counsel conferred or attempted to confer with opposing counsel about the matter, (b) the means of communication, and (c) a statement that counsel has made a good faith attempt to meet and confer and that the parties have reached an impasse.

6. For months, both defense and plaintiff counsel have inundated the Court with extensive gratuitous discovery correspondence, cast unprofessional aspersions on each other, and generally acted unprofessionally by failing to cooperate with each other. Accordingly, on any further discovery-related application made to the Court, the losing party will, subject to the Court's discretion, be required to pay the costs and attorney's fees of the other party expended in connection with making or opposing the application, as the case may be.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: December 28, 2020
       New York, New York

Copies transmitted this date to all counsel of record.