UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
EDWARD BANKS,

                Plaintiff,

       - against -

MCGLYNN, HAYS & CO., INC., et al.,

                Defendants.
------------------------------------------------------------X

19-CV-5727 (JPO) (RWL)

**ORDER**

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

    This Order resolves the matters raised by the parties at Dkt. 185-190, 193.

    1.    Defense counsel's request for a conference is denied.

    2.    The depositions of the Defendant deponents shall go forward on the dates set forth by Defense counsel – i.e., February 19, 24, 25, and March 2, 2021.  If Defendants fail to produce responsive documents relevant to a respective deponent sufficiently prior to the deponent's deposition, Defendants run the risk of having to pay the costs of follow-up depositions in the event the Court deems such follow-up depositions appropriate and proportional.

    3.    The deposition of Ms. Carlucci shall start at 9:00 a.m. and be completed by 1:30 p.m.

    4.    The resumed deposition of Plaintiff shall be completed by March 15, 2021.

    5.    The Court deems the documents subpoenaed by Defendants from non-party APEX to be unduly overbroad.  Although APEX has already produced documents in response to the subpoena Defendants will be precluded from using in evidence any documents produced by APEX other than final certificates or licenses.  Defendants must

1

provide copies to Plaintiff of any documents obtained by subpoena from non-parties. If by February 16, 2021, Plaintiff's counsel has not provided an address where she would like documents to be sent other than that listed as of record, then Defendants shall send the documents to the address of record.

6. Defendants continue to produce documents that should previously have been produced. In addition, Defense counsel inexplicably continues to produce unreadable documents (time sheets) and incomplete, partially unreadable copies (text messages) despite having been repeatedly admonished about this on prior occasions. Defendants must produce legible and complete copies. If, however, Defendants have produced the best copies of the documents they have (that is, if the originals in Defendants' possession, custody, or control are illegible or incomplete), then Defendants need to state so when producing the material.

7. Plaintiff has requested that the subpoena served on non-party Ms. Cancel be enforced. Plaintiff shall submit an application with the requisite proof of service, and a proposed order for consideration. The issue of Ms. Cancel's employment application is collateral; no certification from Defendants regarding prior existence of the application need be provided.

8. Plaintiff's counsel shall not presume that the meet and confer and related certification requirements do not apply to either party. They most certainly do.

9. Counsel for both parties continue to treat each other uncivilly and unprofessionally in their communications with each other and in their failure to cooperate with each other. This has gone on far too long, and the Court repeatedly has admonished counsel about such conduct. The parties' conduct and flood of letters to the Court in this

case also has forced the Court to expend substantial time that should have been available to devote to other matters; in short, the parties are squandering judicial resources. Accordingly, the Court imposes sanctions on both Plaintiff's and Defendants' counsel in the amount of $500 payable to the Clerk of Court by March 15, 2021.  In addition, the Court imposes sanctions of $500 on Defendants payable to Plaintiff, by March 15, 2021, for their repeated failure to timely produce documents and to produce documents that are legible.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: February 13, 2021
       New York, New York

Copies transmitted this date to all counsel of record.