UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EDWARD BANKS,

                Plaintiff,

-v-

MCGLYNN, HAYES & CO., INC., et al.,

                Defendants.

19-CV-5727 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

On February 13, 2021, Magistrate Judge Lehrburger imposed $500 sanctions on both Plaintiff's and Defendants' counsel, noting that they were "treat[ing] each other uncivilly," communicating unprofessionally, failing to "cooperate with each other," and "squandering judicial resources." (Dkt. No. 196 at 2-3.) Defendants' counsel paid the sanction imposed on him, but Plaintiff's counsel did not, reserving her right to object to the ruling. (Dkt. No. 226 at 2.) On April 5, 2021, Plaintiff's counsel requested that the sanction issued against her be lifted for good cause shown, a request Judge Lehrburger denied. (Dkt. No. 222; Dkt. No. 226 at 3.) Plaintiff's counsel then filed a motion under Federal Rule of Civil Procedure 72(a) objecting both to Judge Lehrburger's original order imposing sanctions (Dkt. No. 196) as well as to his order denying her request to lift them (Dkt. No. 226).

When a party files a timely objection to a magistrate judge's order, the "district judge in the case must … modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). A ruling is clearly erroneous where, "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Highland Cap. Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 177 (S.D.N.Y. 2008) (internal citation omitted). This standard of review is

"highly deferential, meaning that "magistrate judges are afforded broad discretion and reversal is appropriate only if that discretion is abused." *Id.* (internal quotation marks and citation omitted). A ruling is contrary to law, meanwhile, if it "fails to apply or misapplies relevant statutes, case law[,] or rules of procedure." *Tompkins v. R.J. Reynolds Tobacco Co.*, 92 F. Supp. 2d 70, 74 (N.D.N.Y. 2000).

Having reviewed Judge Lehrburger's orders for error, this Court finds none. Judge Lehrburger's decision to impose sanctions "was within the appropriate exercise of his sound discretion and is adequately justified on the factual record." *See NG v. HSBC Mortg. Corp.*, 262 F.R.D. 135, 136 (E.D.N.Y. 2009). A magistrate judge "has broad discretion to manage discovery disputes," which includes the "general authority to order discovery sanctions." *Ramgoolie v. Ramgoolie*, No. 16-CV-3345, 2018 WL 4266015, at *4 (S.D.N.Y. Sept. 6, 2018). Here, Judge Lehrburger justified his *sua sponte* imposition of sanctions by citing multiple examples of misconduct on the part of Plaintiff's and Defendants' counsel, including

> (1) their uncivil and unprofessional course of dealing with each other during discovery, (2) their failure to cooperate with each other during discovery, (3) their failure to reform their conduct despite repeated warnings by this Court during discovery conferences that such behavior needed to change and that sanctions could be imposed, (4) their excessive letter writing to this Court about discovery disputes that could easily have been avoided by civil cooperation, and (5) their squandering of judicial resources resulting from the foregoing.

(Dkt. No. 226 at 1; *see also* Dkt. No. 196 at 2-3.) Given the misbehavior Judge Lehrburger documented, the Court concludes that his imposition of sanctions — as well as his decision not to lift the sanctions — was entirely appropriate.

Plaintiff's counsel makes several arguments in her Rule 72(a) motion, but they fall broadly into three categories: (1) that her behavior did not warrant *sua sponte* sanctions, (2) that Judge Lehrburger blamed Plaintiff's counsel for the bad behavior of Defendants and their

2

counsel, and (3) that the sanctions violated due process because Judge Lehrburger did not provide her with notice or an opportunity to be heard. These arguments are unavailing.

With respect to the first, the record bolsters Judge Lehrburger's description of Plaintiff's counsel's behavior. (*See, e.g.*, Dkt. No. 86 (noting that "counsel are still having difficulties getting along"); Dkt. No. 91 at 3 (registering Judge Lehrburger's concern that counsel "are not getting along and that far too much energy and time is being put into writing nasty-grams about or to each other that really are not a good use of anyone's time"); Dkt. No. 109 ("The Court is in receipt of correspondence arising from yet another instance of counsel being unable to get along professionally."); Dkt. No. 131 at 1 (noting that Plaintiff's letter motion failed to comply with the Court's rules as to page limits or the requisite representations regarding compliance with meet-and-confer obligations).)

With respect to the second, Judge Lehrburger clarified that the Court did not sanction Plaintiff's counsel "for taking actions necessitated or warranted by the conduct of Defendants or their attorneys." (Dkt. No. 226 at 2.) Instead, Judge Lehrburger imposed the sanctions because of Plaintiff's counsel's own conduct, including her "provocations, repetitive and undue revisiting of issues previously decided, [and] insistence on non-existent rights." (*Id.*) Finally, with respect to Plaintiff's counsel's third argument, Judge Lehrburger did provide counsel with notice before imposing sanctions. (*See, e.g.*, Dkt. No. 139 at 26-27 (noting that Judge Lehrburger was "so close to imposing sanctions" on counsel for their "pettiness and inability to agree on things").) In any event, Judge Lehrburger acted well within his discretion in imposing sanctions under the circumstances present in this case.

Accordingly, the Court concludes that Judge Lehrburger's orders were neither clearly erroneous nor contrary to law. Plaintiff's counsel's objections are OVERRULED and the Magistrate Judge's orders are affirmed.

The Clerk of Court is directed to close the motion at Docket Number 228.

SO ORDERED.

Dated: July 6, 2021
New York, New York

_____
J. PAUL OETKEN
United States District Judge