USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/21/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
EDWARD BANKS,

                      Plaintiff,

      - against -

MCGLYNN, HAYS & CO., INC., et al.,

                      Defendants.
-------------------------------------------------------------X

19-CV-5727 (JPO) (RWL)
21-CV-0679 (JPO) (RWL)

**ORDER**

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

      This Order resolves Defendants' request (at Dkt. 54 in the 679 case) for "clarification" of the Court's order concerning the three-hour time limit on the next installment of Plaintiff's deposition as set forth in the Court's order of July 6, 2022 (not July 13, 2022 as indicated by Defendants) at Dkt. 47 (not 53 as indicated by Defendants). Nothing about the Order is ambiguous so as to require clarification. Defendants essentially are asking the Court to reconsider its decision. The request is DENIED. Defendants have not presented any fact or law overlooked by the Court.

      Defendants profess the need for a full day to continue the deposition of Plaintiff because of the "multiple new claims" in the 679 case. The request is flatly at odds with the position Defendants took in its motion to dismiss. Defendants variously referred to the 679 action as duplicative of the 5727 action, "using the same verbiage," and adding only a claim for violation of the Medical Leave Act -- which has since been dismissed -- and otherwise "re-assert[ing] essentially the same State Court claims." (Dkt. 12-7 at 1, 2, 4.) As Defendants put it: "The claims asserted in [the 5727] action are the same ones

1

asserted in the 2021 action with two additional claims pled under the Family Medical Leave Act which are time-barred and otherwise legally deficient."  (Dkt. 12-7 at 4.)  Judge Oetken echoed that view in his decision on the motion to dismiss, commenting that Banks "relies on essentially the same set of facts for his 1981 claims in both cases," except for the addition of his allegations concerning his allegedly being fired for missing time at work.  (Dkt. 26 at 5.)

Three hours is more than enough time for the limited additional discovery afforded Defendants to inquire regarding any truly new facts alleged in the 679 action that were not asserted in the 5727 action.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated:  July 21, 2022
        New York, New York

Copies transmitted this date to all counsel of record.