

# LAW OFFICES OF LAURIE E. MORRISON

August 9, 2022

100 Church Street, 8th Floor
New York, New York 10007

28 Valley Road, Suite #1
Montclair, New Jersey 07042

Phone: (212) 721-4051
Cell: (646) 457-8347
morrison@lemorrisonlaw.com

**VIA ECF**

Hon. Robert W. Lehrburger, U.S.M.J.
500 Pearl Street, Courtroom: 18D
New York, NY 10007
Chambers Phone: (212) 805-0248; Fax: (212) 805-7934
Lehrburger_NYSDChambers@nysd.uscourts.gov

**RE: Edward Banks v. McGynn, Hays & Co., Inc. et al.
Civ. Action No.: 19-cv-05727 & 21-cv-679 (JPO) (RWL)**

Dear Hon. Lehrburger:

Plaintiff writes to respectfully request reconsideration of paragraph No. 1 of the July 26, 2022 Order (Order, Dkt. Nos. 66, 336), pursuant to Rule 6.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York (hereinafter, the "Local Rules"). Paragraph No. 1 strikes Plaintiff's motion and supporting submissions to enforce Your Honor's previous Orders and for remedies related to Defendants' and defense counsel's failure to produce hundreds of pages of time and attendance and related records for over 2 years in violation of the Court's repeated Orders and related to their repeated misstatements regarding the same. (Dkts. 60-63, 332-334).

Defendants' and defense counsel's perpetual misconduct significantly undermined and delayed the discovery process for over 2 years, as the Court Ordered discovery that Defendants repeatedly failed to produce arguably went to the heart of Plaintiff's case in chief and to the defenses. It is imperative that Plaintiff's motion remain on the record to memorialize Defendants' and defense counsel's misconduct and the Federal Rules and related authority applicable to the same.

Removing these documents from the record also potentially minimizes the misconduct, incentivizes further such misconduct, omits what occurred from future consideration, and could limit Plaintiff's recovery at trial related to the same.

The Order states that the motion, supporting declaration, and annexed exhibits were stricken without prejudice "for failure to comply with the Court's rules for pre-motion conferences

and letters" (Order, Dkt. Nos. 66, 336) – which presumably refers to the meet and confer rules. Respectfully, Plaintiff understands that Defendants and defense counsel claimed that somehow meet and confer did not occur; however, that was far from accurate.

In reality, prior to filing the motion, Plaintiff's counsel followed-up with defense counsel on June 29, 2022 immediately after reviewing Defendants' insufficient document production, which complied with the Court's Directives permitting meet and confer via email. This is *in addition to* Plaintiff repeatedly conferring with Defendants about their failure to produce these same documents during the last 2 years of party communications, motion practice, and related hearings. Defendants' claim that somehow there was no meet and confer prior to submission overlooked Plaintiff's communications and the 2-year history.

There can also be no reasonable doubt that further meeting and conferring beyond what already occurred would have been futile and not required. Despite 2 years of repeated Court Orders, sanctions warnings, and initial sanction, Defendants and defense counsel still failed to produce the outstanding discovery. Defendants also further resisted doing so during the most recent motion practice and during the July 26th hearing regarding the same. Surely, Defendants and defense counsel would not have voluntarily complied had Plaintiff further conferred beyond what was already done.

As a matter of parity, to date, Defendants have filed approximately 50+ motions without meeting and conferring beforehand and without including the required meet and confer certifications, in repeated violation of the Court's Orders and of the Federal and Local Civil Rules. Those 50+ motions were not stricken from the record.

Defendants' motions were also not stricken when Defendants and defense counsel further defied the meet and confer rules and Rule I(A)(1) of the Court's Individual Rules by submitting motions via email today (8/9/22), rather than via ECF filing. Defendants and defense counsel also continued to onslaught the Court with email submissions throughout the day, despite Plaintiff requesting that any submission to the Court be made on the ECF record in compliance with the Court's mandates and requesting that Defendants' inappropriate emails be stricken/not considered.

Defendants also submitted a motion and attached inaccurate and prejudicial information totally unrelated to this case and made them part of the record. However, Plaintiff's motion

regarding Defendants' and defense counsel's repeated misconduct that went to the heart of the case in chief and to the defenses for over 2 years was stricken.

Accordingly, Plaintiff respectfully requests that Plaintiff's motion and supporting documents remain on the record.


Respectfully Submitted,

Laurie E. Morrison, Esq.

DENIED.

SO ORDERED:

8/10/2022

HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE