# LAW OFFICES OF LAURIE E. MORRISON

August 24, 2022

**VIA ECF**
Hon. Robert W. Lehrburger, U.S.M.J.
500 Pearl Street, Courtroom: 18D
New York, NY 10007
Chambers Phone: (212) 805-0248; Fax: (212) 805-7934
Lehrburger_NYSDChambers@nysd.uscourts.gov

100 Church Street, 8th Floor
New York, New York 10007

28 Valley Road, Suite #1
Montclair, New Jersey 07042

Phone: (212) 721-4051
Cell: (646) 457-8347
morrison@lemorrisonlaw.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/25/2022

**RE: Edward Banks v. McGynn, Hays & Co., Inc. et al.;**
**Civ. Action No.: 19-cv-05727 (JPO) (RWL)**

Dear Hon. Lehrburger:

 Plaintiff respectfully requests a stay in Plaintiff's time to respond to any party communications in this matter until after Plaintiff's counsel returns to the office on September 1st and a stay in Plaintiff's time to respond to any Court filings in this matter, if any, until after September 6th (in light of the September 5th Labor Day Holiday). Plaintiff essentially requests reciprocal consideration that defense counsel requested and received during their stated Monday 8/15 - Friday 8/19 vacation period. (Dfs' Mot, Dkt #75, Memo Endorsement, Dkt. #76).

 Plaintiff's counsel is currently on vacation and will continue to be out of the office until Sept. 1st. Plaintiff's counsel notified defense counsel of this on 8/11 and on 8/12 *before* defense counsel left for their vacation in further attempts to urge defense counsel to meet and confer regarding outstanding discovery matters.

 As stated in their motion, defense counsel was "going on vacation and [needed] to tie up loose ends]" (Dfs' Mot, Dkt #75 at 1 of 2) – but they had <u>not yet</u> gone on vacation at the time when Plaintiff's counsel contacted them to meet and confer.

 Plaintiff's counsel honored defense counsel's vacation time and did not email, call, or otherwise contact defense counsel or the Court during defense counsel's stated 8/15-8/19 vacation period. Plaintiff's counsel extended this courtesy to defense counsel even <u>before</u> the Court granted defense counsel's related motion on August 18th. (Dfs' Mot, Dkt #75, Memo Endorsement, Dkt. #76). Plaintiff also did not object to defense counsel's motion regarding the same in further consideration of defense counsel's vacation time.

 Unfortunately, defense counsel has not reciprocated in kind. Plaintiff's counsel expressly notified defense counsel on 8/11-8/12 that Plaintiff's counsel's vacation would begin after defense counsel's vacation ended – still, since defense counsel returned from their vacation on Monday morning (8/22), Mr. Weissman emailed me to purportedly meet and confer and he also called my office this morning during my known vacation period. Defense counsel also continues to contact me even after being previously notified of my vacation period and after further receiving my automatic out of office email notice after sending his first email on August 22nd.

 I also emailed Mr. Weissman this morning after he called my office to further remind him that I was on vacation. Mr. Weissman sniped that I had somehow contacted him during his vacation period (despite knowing and previously stating to the Court that Plaintiff contacted him *before* his vacation began, not during it). Mr. Weissman further made it clear that he would be continuing to contact me --

despite the courtesies that the Court and Plaintiff had extended to him during his vacation period. (8/24/22 Emails, attached herein as EXHIBIT 1).

Mr. Weissman's most recent discourtesies have required that Plaintiff's counsel leave the outside location where her and her young children were enjoying vacation and drive us all to a location where counsel could prepare and submit the herein motion. Plaintiff's counsel intentionally did not communicate with the Court or with defense counsel during their vacation to avoid any such inconvenience and inconsideration that Mr. Weissman is intentionally doing to Plaintiff's counsel right now. Plaintiff understands and appreciates the Court's directive that the parties meet and confer by August 26th – but the Court was not previously notified of counsel's vacation period, Mr. Weissman clearly was.

Accordingly, Plaintiff's counsel respectfully requests a stay in communications and in filings as noted above in reciprocal consideration of Plaintiff's out of office time that defense counsel received.

Respectfully Submitted,

Laurie E. Morrison, Esq.

Plaintiff's letter motion is DENIED. The Court's order dated August 18, 2022 was crystal clear: "The parties shall meet and confer no later than August 26, 2022. All remaining discovery shall be completed no later than September 9, 2022." Dkt. 76. Plaintiff did not make any request between August 18 and August 24 to the Court to alter the deadlines set by the Court. And Plaintiff undoubtedly was aware during that time that she planned to take a vacation later this month into early September. Plaintiff's letter motion does not even confront this glaring transgression other than to bury it in passing near the end simply saying that the Court was not previously aware of counsel's planned vacation. It also puzzles the Court why Plaintiff's counsel simply did not use the time she took to write her letter motion instead to meet and confer with defense counsel. This Court repeatedly has admonished counsel on both sides to do better; alas, the need continues.

SO ORDERED:

8/25/2022

HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE