UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
EDWARD BANKS,

                  Plaintiff,

       - against -

MCGLYNN, HAYS & CO., INC., et al.,

                Defendants.
------------------------------------------------------------X

19-CV-5727 (JPO) (RWL)
21-CV-0679 (JPO) (RWL)

**ORDER**

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

This order resolves the discovery issues raised by the parties at Dkts. 81, 85-89 in 21-CV-679, and their counterparts in 19-CV-5727 (*see* Dkts. 352-356).

First, Plaintiff's response to Defendants' letter motion at Dkt. 81 was filed out of time, the deadline having been September 9, 2022, and the Court having previously denied Plaintiff any time beyond that. Second, Plaintiff's filings at Dkts. 85-88 were filed in violation of this Court's individual rules regarding the handling of discovery disputes. Plaintiff should have responded by letter of no more than three pages. Instead, Plaintiff filed a 25-page brief. Had Plaintiff needed more than three pages to respond to Defendants' letter, Plaintiff should have sought permission from the Court. Plaintiff did not. Due to those procedural transgressions, Plaintiff's filings at Dkts. 85-88 are not properly before the Court, and the relief requested and arguments made may be rejected on that basis alone.

Even if Plaintiff's filings were proper, however, the Court would still reach the same result set forth in this order. Plaintiff's arguments are misguided, overlook the limited

1

nature of the discovery Plaintiff was granted in connection with the second-filed action, and will accomplish nothing more than once again delaying discovery.

Plaintiff's framing of Mr. Sullivan's deposition testimony is particularly illustrative of Plaintiff's meritless arguments. Plaintiff devotes four pages to recapitulating the testimony of Mr. Sullivan (Defendants' 30(b)(6) witness) regarding the immaterial issue of who made the decision to assert certain defenses. Unsurprisingly, as the testimony reflects, that decision was made by the Defendants in consultation with defense counsel. (See Dkt. 86 at ECF 15-17.) Yet Plaintiff holds up that testimony as an example of why Mr. Sullivan was an inadequate witness and why Plaintiff should be permitted additional deposition time with Mr. Carlucci. Moreover, as reflected in the deposition testimony of Mr. Sullivan set forth earlier in Plaintiff's brief, Mr. Sullivan -- in his capacity as a 30(b)(6) witness -- inquired as to Mr. Carlucci's knowledge about the subject of the claims in the second action and testified that Mr. Carlucci said he had none. (*See* Dkt. 86 at ECF 12-13.) Deposing Mr. Carlucci merely to confirm that lack of knowledge would be frivolous.

Plaintiff also makes far too much of the purported need for testimony from Ms. Thomas, who served an administrative role in completing time records and was previously deposed. Rather than focusing on the facts underlying the statements in the more-recently produced time records, Plaintiff focuses on the issue of how they were recorded without raising any suspicion that the records are not authentic or qualify as business records for purposes of the hearsay rule. As defense counsel aptly points out, an affidavit from Ms. Thomas will sufficiently address authenticity and business-record requirements. There is no sound basis to subject Ms. Thomas to an additional deposition. The same is true for Holli Klosek, also previously deposed, who played an

even more tangential role, merely arranging to have the time records sent to defense counsel.

Lastly, Plaintiff is not entitled to any relief with respect to defense counsel's having ended Mr. Banks' deposition following the completion of his questioning. Plaintiff's counsel has never suggested her client would not be available for trial, where his attorney will be able to question him in full without wasting time to do so unnecessarily at deposition. Moreover, Plaintiff will have the opportunity to oppose any summary judgment motion filed by Defendants by submitting affidavit testimony as the rules permit. No legitimate purpose will be served by having yet another deposition session for Plaintiff, merely to be questioned by his own attorney.

To the extent not set forth above, the Court has considered all of Plaintiff's arguments and finds them to be without merit.

Accordingly, Plaintiff's request for further deposition of Mr. Sullivan, Mr. Carlucci, Ms. Thomas, and Ms. Klosek is denied. Discovery in both these cases is now closed, and the parties shall proceed to summary judgment consistent with Judge Oetken's rules. The parties' respective motions for costs are denied.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: September 12, 2022
       New York, New York

Copies transmitted this date to all counsel of record.